IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> 10 S. Howard Street, 3rd Floor <br> Baltimore, Maryland 21201 <br><br> Plaintiff, <br><br> v. <br><br> MCCREADY FOUNDATION, INC. <br> 201 Hall Highway <br> Crisfield, Somerset County, <br> Maryland 21817 <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** <br><br><br> Civil Action No. |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1963, as amended, ("ADEA"), to correct unlawful employment practices on the bases of race and age and to provide appropriate relief to Josephine A. Spady ("Spady"), who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant McCready Foundation, Inc. ("Defendant") unlawfully discriminated against Spady by failing to promote her to Restorative Aide because of her race (black) and age (53), in violation of Title VII and the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a Maryland corporation doing business in the State of Maryland and the County of Somerset, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42

U.S.C. §§ 2000e(b), (g) and (h), and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. More than thirty days prior to the institution of this lawsuit, Josephine A. Spady filed a charge of discrimination with the Commission alleging violations of Title VII and the ADEA by Defendant.

7. On July 26, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and the ADEA, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 6, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least July 2014, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 4(a) of the ADEA, 29 U.S.C. § 623(a) by failing to promote Josephine A. Spady to Restorative Aide because of her race (black) and age (53).

13. Defendant operates a network of medical and care facilities on the lower Eastern

Shore of Maryland.

14. In February 2013, Defendant hired Spady as a Geriatric Nursing Assistant ("GNA") at its Alice Byrd Tawes Nursing and Rehabilitation Center in Crisfield, Maryland.

15. At the time of her hire, Spady had more than 20 years of GNA experience, held a certification in Restorative Nursing, and had prior restorative aide experience.

16. In October 2013 and February 2014, Defendant rated Spady's overall performance as "exceeds," noting that she "takes the initiative to keep resident rooms and day areas clean and tidy," "always demonstrates a positive attitude," and "is a team player."

17. In or around June 2014, Defendant recruited internally for the position of Restorative Aide.

18. Unlike a GNA which is responsible for providing direct routine patient care, a Restorative Aide focuses on helping patients gain an improved quality of life by increasing their level of strength and mobility of daily living (e.g. toileting, eating/swallowing, bed mobility efforts and dressing/grooming.)

19. Restorative Aides generally have specialized training in restorative nursing care and earn more money than GNAs.

20. In or around July 2014, Spady applied internally for the Restorative Aide vacancy and was interviewed by Director of Nursing Jackie Holloway and Nurse Consultant Diane Stover. If Spady had been selected, her hourly wage would have increased from $12.00 to $16.00.

21. In or around July 2014, Defendant selected Loren Maddox (white; 23 years old), a GNA who had only been employed with Defendant for three months, had approximately three years GNA experience, lacked a Restorative Aide certification, and lacked any significant

Restorative Aide experience.

22. According to Defendant's Internal Position Posting & Transfer Policy, employees must be employed for twelve months before being transferred to a new position, although the company may grant exceptions "based on business needs." This same written policy requires that all candidates be interviewed by the hiring manager and Human Resources Director and that all interviewing/hiring documents be submitted to Human Resources for retention.

23. Since at least in or around July 2014, Defendant has failed to preserve, for at least one year from the date of making of the records and/or personnel action involved, various personnel and employment records that they have made or kept and have failed to preserve relevant records until final disposition of a charge of discrimination in violation of Title VII and the ADEA and the Commission's Regulations set forth at 29 C.F.R. §§ 1602.14 and 1627.3.

24. The effect of the unlawful Title VII employment practices complained of above has been to deprive Spady of equal employment opportunities and otherwise adversely affect her rights under Title VII, resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her race (black).

25. The unlawful Title VII employment practices complained of above were intentional.

26. The unlawful Title VII employment practices complained of above were done with malice or with reckless indifference to Spady's federally protected rights.

27. The effect of the unlawful ADEA employment practices has been deprive Spady of equal opportunities and otherwise affect her status as an employee because of her age (53).

28. The unlawful ADEA employment practices complained of above were and are

willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from failing to promote on the bases of race and age and engaging in any other employment practice which discriminates on the bases of race and age against individuals 40 years of age and older;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees and employees 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Spady by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D. Order Defendant to make whole Spady by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above in amounts to be determined at trial;

E. Order Defendant to make whole Spady by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Spady punitive damages for its malicious and reckless

conduct, as described above, in amounts to be determined at trial;

G. Order Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Spady whose wages were unlawfully withheld as a result of the acts complained of above;

H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Lawrence*
DEBRA M. LAWRENCE
Regional Attorney

*/s/ Salacuse*
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
(410) 962-2221 (fax)